**Gladys Magaly Tepeu TOP, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–73951.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2006.*

Filed March 2, 2006.

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice Civil Div./Office of

---

**3.** *Wyoming v. Houghton,* 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

**4.** *Id.* at 307.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, NOONAN, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Gladys Magaly Tepeu Top ("Top"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The IJ found that Top had provided insufficient evidence to sustain any of her claims. The Board of Immigration Appeals affirmed, without opinion, this decision. Top petitions for review, which we direct to the decision of the IJ.

Top presented evidence that in 1985, when she was twelve, her male cousin left the Guatemalan army and was murdered by the military and that in 1986, aged thirteen, she witnessed the murder of this man's mother, her aunt, in Guatemala City. Top believes the second murder was because of her cousin's earlier refusal to return to the army. Four months later, her own family received a letter left on the sidewalk in front of their home, warning her to leave the country or be killed; the letter was left by army personnel. Five months later, six armed men came to Top's home at two o'clock in the morning and told Top "to disappear." She left Guatemala City for San Jose Finole. Three years later soldiers looked for her there. At some point that Top did not identify, her cousin Isabelita was killed and a note left on her body addressed her by Top's name, as though the killers thought they were killing Top.

Top's recollection of these events of her teenage years did not indicate that she held any political opinion or that the military attributed to her any political opinion. She failed to establish past persecution on account of political opinion or the fear of future persecution on such account. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

Accordingly, Top's petition for review is DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.